Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
Ashley M. Conolgue, SBN 292083
(Ashley@LOKSC.com)
Christopher P. Orlando, SBN 330405
(Christopher@LOKSC.com)
**CONLOGUE LAW, LLP**
8383 Wilshire Blvd., Ste. 822
Beverly Hills, CA 90211
Tel:    (213) 255-8837
Fax:   (213) 477-2069

Attorney for Plaintiff
CHRISTOPHER PREVEDELLO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PREVEDELLO, an individual, <br><br>      Plaintiff, <br><br>     v. <br><br> COUNTY OF LOS ANGELES, a public entity; UNIDENTIFIED DEPUTIES, individuals; CITY OF LOS ANGELES, a public entity; and UNIDENTIFIED OFFICERS, individuals, <br><br>      Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1) **Failure to Protect (42 U.S.C. § 1983)** <br> 2) **Due Process—State Created Danger (42 U.S.C. § 1983)** <br> 3) **Due Process – Special Relationship (42 U.S.C. § 1983)** <br> 4) **Negligence** <br> 5) **Bane Act Violation (Civil Code § 52.1)** <br> 6) **Violation of California's Public Records Act (Cal. Gov't Code §§ 6250, et seq.)** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, CHRISTOPHER PREVEDELLO, an individual, for his claims against Defendants, COUNTY OF LOS ANGELES, a public entity; UNIDENTIFIED DEPUTIES, individuals; CITY OF LOS ANGELES, a public entity; and UNIDENTIFIED OFFICERS, individuals, and each of them, (collectively, "Defendants") complains and alleges as follows:

## INTRODUCTION

1.    This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under state law and the United States Constitution in connection with Plaintiff being assaulted while he was in custody on or about March 23, 2023.

## PARTIES

2.    At all relevant times, Plaintiff, CHRISTOPHER PREVEDELLO (hereinafter "Plaintiff"), an individual, is and was a resident of the County of Los Angeles, State of California.

3.    At all times herein relevant, Plaintiff is informed and believes, Defendant COUNTY OF LOS ANGELES ("COUNTY"), is and was a duly organized public entity, form unknown, existing under the laws of the State of California.

4.    At all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the Los Angeles Sheriff's Department ("LASD"), and particularly said Department's Court Services, Inmate Services, Custody Operations, and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics methods, practices, customs and usages.

5.    At all times herein relevant, Plaintiff is informed and believes, Defendant CITY OF LOS ANGELES ("CITY"), is and was a duly organized public entity, form unknown, existing under the laws of the State of California.

6.    At all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the Los Angeles Police Department ("LAPD"), and particularly said Department's Court Services, Inmate Services, Custody Operations, and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics methods, practices, customs and usages.

7.    The true names of defendants UNIDENTIFIED DEPUTIES and UNIDENTIFIED OFFICERS are unknown to Plaintiff, who therefore sues these defendants by such fictitious names as Defendant COUNTY and Defendant CITY refused to properly identify said deputies and officers as alleged *infra*. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the UNIDENTIFED DEPUTIES and UNIDENTIFIED OFFICERS are responsible in some manner for the conduct and liabilities alleged herein.

8.    At all relevant times, COUNTY was the employer of defendants UNIDENTIFIED DEPUTIES (hereinafter the "Unidentified Deputies") and said individuals were employees and agents of COUNTY.

9.    At all relevant times, CITY was the employer of defendants UNIDENTIFIED OFFICERS (hereinafter the "Unidentified Officers"), and said individuals were employees and agents of CITY.

10.    At all relevant times, Defendants Unidentified Deputies, and each of them, were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as Peace Officers and with the complete authority and ratification of their principal, Defendant COUNTY, which is additionally liable in respondeat superior pursuant to section 815.2 of the California Government Code for the acts of said Defendants which are alleged herein.

11.     At all relevant times, Defendants Unidentified Officers, and each of them, were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as Peace Officers and with the complete authority and ratification of their principal, Defendant CITY, which is additionally liable in respondeat superior pursuant to section 815.2 of the California Government Code for the acts of said Defendants which are alleged herein.

12.     At all times relevant, Defendants Unidentified Deputies, and each of them, were duly appointed officers and/or employees or agents COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

13.     At all times relevant, Unidentified Officers, and each of them, were duly appointed officers and/or employees or agents CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

14.     In doing the acts and failing and omitting to act as hereinafter described, Defendants Unidentified Deputies, and each of them, were acting on the implied and actual permission and consent of COUNTY.

15.     In doing the acts and failing and omitting to act as hereinafter described, Defendants Unidentified Officers, and each of them, were acting on the implied and actual permission and consent of CITY.

16.     At all times herein relevant, Defendant COUNTY was the employer and/or principal of Defendants Unidentified Deputies herein, and/or were and are legally responsible for the acts, omissions, and conduct of Defendants Unidentified Deputies herein, within the meaning of Government Code §§ 815.2(a), 815.4, 820(a), among other provisions, and are liable to Plaintiff by reason thereof.

17.     At all times herein relevant, Defendant CITY was the employer and/or principal of Defendants Unidentified Officers herein, and/or were and are legally responsible for the acts, omissions, and conduct of Defendants Unidentified Officers

herein, within the meaning of Government Code §§ 815.2(a), 815.4, 820(a), among other provisions, and are liable to Plaintiff by reason thereof.

18.     At all times herein relevant, Defendants Unidentified Deputies and Unidentified Officers, and each of them, were and are legally responsible for their acts, omissions, and conduct that gives rise to this lawsuit, within the meaning of Government Code § 820(a), among other provisions, and are liable to Plaintiff by reason thereof.

19.     Defendants Unidentified Deputies and Unidentified Officers, and each of them, did the acts and omissions hereinafter alleged willfully, intentionally, maliciously, in bad faith and with knowledge that their conduct violated well established and settled law and constituted a willful and conscious disregard for the rights and safety of Plaintiff.

20.     Plaintiff suffered injuries as a direct and proximate result of the actions of Defendants Unidentified Deputies and Unidentified Officers are directly liable for Plaintiff's injuries and damages under federal law pursuant to 42 U.S.C. § 1983.

21.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

22.     Prior to the commencement of this action, Plaintiff presented a government tort claim with COUNTY in full and timely compliance with the California Tort Claim Act.  Said claim has been expressly denied or denied by operation of law by COUNTY.  Plaintiff has complied with the requirements of the Government Code for the timely filing of formal claims with COUNTY.

23.     Prior to the commencement of this action, Plaintiff presented a government tort claim with CITY in full and timely compliance with the California Tort Claim Act.  Said claim has been expressly denied or denied by operation of law by CITY.

1   Plaintiff has complied with the requirements of the Government Code for the timely

2   filing of formal claims with CITY.

3                    **JURISDICTION AND VENUE**

4   24.      This civil action is brought for the redress of alleged deprivations of

5   constitutional rights as protected by the U.S. Constitution, the Eighth Amendment, the

6   Fourteenth Amendment, and 42 U.S.C. § 1983.  Jurisdiction is founded on 28 U.S.C.

7   §§ 1331, 1367.

8   25.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants

9   reside in, and all incidents, events, and occurrences giving rise to this action occurred

10  in County of Los Angeles, State of California.

11                **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12  26.      Plaintiff re-alleges and incorporates herein by reference each and every

13  allegation and statement contained in the prior paragraphs, as though fully set forth

14  herein.

15  27.      On information and belief, on January 19, 2023, Plaintiff was taken into the

16  custody of Defendants.

17  28.      On information and belief, on March 23, 2023, Plaintiff was transported by

18  Defendants from the Men's Central Jail in Los Angeles, California to the Van Nuys

19  Courthouse.  Plaintiff was known to Defendants as having a "KB6" "protected" status

20  which required that he be separated from the general population of those in

21  Defendants' custody in order to protect his safety due to the threat of violence against

22  Plaintiff on account of his identity, name, or perceived current or former group

23  membership(s) or affiliation(s) as KB6 protected status.

24  29.      On March 23, 2023, while at the Van Nuys Courthouse, at least two of the

25  individual Defendants placed Plaintiff in a general population holding cell which was

26  known by Defendants to be containing inmates which were members of the "Crips"

27  gang. Defendants knew this would be a threat to Plaintiff's safety and wellbeing due

28

to his protected status. Once Plaintiff entered the cell, one inmate asked the other inmates in a loud, raised voice, why Plaintiff was put in the tank and then said inmate proceeded to advise the other inmates, including the suspected members of the "Crips" gang, that they were supposed to "handle" Plaintiff.  At least two of the individual Defendants heard this inmate's incitement of violence against Plaintiff, but ignored the violent threat to Plaintiff's safety and failed to intervene to protect his safety as result of their malice, recklessness, or deliberate indifference towards Plaintiff's health and well-being.

30.     After the inmate had called on the other inmates, including the suspected members of the "Crips" gang, to "handle" Plaintiff, several inmates attacked and assaulted Plaintiff.

31.     At all relevant times, Plaintiff was unarmed and never posed a threat to anyone.

32.     UNIDENTIFIED DEPUTIES and UNIDENTIFIED OFFICERS acted or failed to act with deliberate indifference and in a manner that shocks the conscience by ignoring the loud and vocal threats to Plaintiff's safety and consciously disregarded indications that Plaintiff was in grave danger from the inmates, and by permitting Plaintiff to be placed in their joint cell all while knowing of the violent threats to Plaintiff's life.

33.     As a direct result of Defendants' malice, recklessness, or deliberate indifference towards Plaintiff's, and their deliberate and unlawful activities, Plaintiff suffered significant bodily injuries, severe pain and suffering, mental anguish, humiliation, and emotional distress.

34.     The deliberate indifference to violence against individuals in their custody with "KB6" or "protected" status is a longstanding practice within the Los Angeles County Sheriff's Department.

35.     The actions and omissions of Defendants set forth in the preceding paragraphs were a motivating and moving force behind the violations of Plaintiff's constitutional rights as set forth in this complaint.

**FACTS RELATED TO PLAINTIFF'S PUBLIC RECORDS ACT REQUEST**

36.     Prior to the filing of this action, Plaintiff attempted to obtain records from COUNTY pertaining to Plaintiff. However, Plaintiff was denied records or, at best, provided heavily redacted and incomplete records regarding COUNTY's interaction(s) with Plaintiff in and around the time of his injuries.

37.     Plaintiff made further inquiries regarding the relevant documents, but was told that further documents would not, or could not, be produced.

38.     On April 21, 2023, Plaintiff submitted a California Public Records Act ("CPRA", Gov't Code §§ 6250, et seq.) request to County requesting, among other things: (1) All incident reports concerning the March 23, 2023 incident (including supplemental and narrative reports); (2) All medical records concerning Plaintiff, whether from the Sheriff's Department or a third-party medical provider; (3) Any evidence gathered by medical personnel concerning Plaintiff; (4) Any evidence gathered by any personnel concerning Plaintiff; (5) The booking file for Plaintiff; (6) Any documents concerning Plaintiff's K6B protective status, or other protective custody status; (7) Any photographs concerning Plaintiff, taken on or since March 23, 2023; (8) Any videos concerning Plaintiff or the incident, taken on or since March 23, 2023; (9) All witness statements concerning the incident with Plaintiff; (10); The identity (including the name(s) and rank(s) of the individual(s)) of the correctional officer(s) who placed Plaintiff inside the holding cell where the incident took place on March 23, 2023; and, (11) The identity of the correctional officer(s) who were on duty at the jail where Plaintiff was located on March 23, 2023 during the incident. Plaintiff's request fully complied with the CPRA.

39.     Defendant COUNTY provided a response to Plaintiff's CPRA request on or about April 21, 2023, but failed to provide any documents regarding the subject incident regarding Plaintiff or his K6B protective status, or other protective custody status. Defendant COUNTY wrongfully failed to produce these documents requested by Plaintiff.

40.     On information and belief, Plaintiff believes that other individuals are legally responsible for his injuries, but due to Defendant's failure to properly comply with the California Public Records Act, Plaintiff was precluded from properly identifying other culpable individuals.

## FIRST CLAIM FOR RELIEF

### Failure to Protect (42 U.S.C. § 1983)

### (Against UNIDENTIFIED DEPUTIES and UNIDENTIFIED OFFICERS)

41.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 40, as though fully set forth herein.

42.     This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Eighth Amendment and Fourteenth Amendment Due Process Clause of the United States Constitution.

43.     During all times mentioned herein, Defendants Unidentified Deputies and Unidentified Officers, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of their principals, Defendant COUNTY and Defendant CITY.  Each of the individual Defendants named herein, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to him by the Eighth and Fourteenth Amendments to the United States Constitution, and by the laws of the United States.

44.     The above acts of omissions of Defendants Unidentified Deputies and Unidentified Officers were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.

45.     The actions of Defendants Unidentified Deputies and Unidentified Officers, and each of them, deprived Plaintiff of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

46.     As a result of the conduct of Defendants Unidentified Deputies and Unidentified Officers, and each of them, they are liable for Plaintiff's harm and injuries, either because they were integral participants in the violations described herein, or because they failed to intervene to prevent these violations.  Defendants' actions and/or omissions were the direct and proximate cause of Plaintiff's damages and injuries.

47.     The conduct of Defendants Unidentified Deputies and Unidentified Officers was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Unidentified Deputies and Unidentified Officers.

48.     Accordingly, Defendants Unidentified Deputies and Unidentified Officers are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

### Due Process—State Created Danger (42 U.S.C. § 1983)

### (Against UNIDENTIFIED DEPUTIES and UNIDENTIFIED OFFICERS)

49.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 48, as though fully set forth herein.

50.     This claim arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation

under color of state law of rights, privileges and immunities secured to Plaintiff and to Plaintiff by said statutes, and by the Fourteenth Amendment of the United States Constitution Due Process Clause.

51.     Defendants Unidentified Deputies and Unidentified Officers' actions placed Plaintiff in an actual, particularized danger by creating and exposing Plaintiff to an environment that permitted threats to his safety and well-being which they would not have faced but for Defendants' actions and omissions.

52.     By Defendants Unidentified Deputies and Unidentified Officers' acts and omissions, said Defendants acted with deliberate indifference to the known and obvious danger to Plaintiff's health and safety.

53.     The above acts of omissions of Defendants Unidentified Deputies and Unidentified Officers were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.

54.     The actions of Defendants deprived Plaintiff of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

55.     As a result of the conduct of Defendants Unidentified Deputies and Unidentified Officers, said Defendants are liable for Plaintiff's injuries, either because they were integral participants in the violation of Plaintiff's Constitutional rights, or because they failed to intervene to prevent these violations.

56.     The conduct of Defendants Unidentified Deputies and Unidentified Officers was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and the rights of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

57.     Accordingly, Defendants Unidentified Deputies and Unidentified Officers are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

/ / /

1

### THIRD CLAIM FOR RELIEF

2

### Due Process—Special Relationship (42 U.S.C. § 1983)

3

### (Against UNIDENTIFIED DEPUTIES and UNIDENTIFIED OFFICERS)

4
58.     Plaintiff re-alleges and incorporates herein by reference each and every

5
allegation and statement contained in paragraphs 1 through 57, as though fully set

6
forth herein.

7
59.     This claim arises under 42 U.S.C. § 1983 and the United States Constitution,

8
the laws of the State of California, and common law principles to redress a deprivation

9
under color of state law of rights, privileges and immunities secured to Decedent and

10
to Plaintiff by said statutes, and by the Fourteenth Amendment of the United States

11
Constitution Due Process Clause.

12
60.     Defendants Unidentified Deputies and Unidentified Officers entered into a

13
special relationship with Plaintiff by, *inter alia,* taking him into custody on January

14
19, 2023.

15
61.     Defendants Unidentified Deputies and Unidentified Officers failed to provide

16
Plaintiff with adequate conditions of confinement while in their custody.

17
62.     By Defendants Unidentified Deputies and Unidentified Officers' acts and

18
omissions, Defendants acted with deliberate indifference to the known and obvious

19
danger to Plaintiff's health and safety.

20
63.     As a result of the conduct of Defendants Unidentified Deputies and

21
Unidentified Officers, and each of them, they are liable for Plaintiff's harm and

22
injuries, either because they were integral participants in the violations described

23
herein, or because they failed to intervene to prevent these violations.  Defendants'

24
actions and/or omissions were the direct and proximal cause of Plaintiff's injuries and

25
damages.

26
64.     The conduct of Defendants Unidentified Deputies and Unidentified Officers

27
was willful, wanton, malicious and done with an evil motive and intent and a reckless

28

---

1   disregard for the rights and safety of Decedent and the rights of Plaintiff, and therefore

2   warrants the imposition of exemplary and punitive damages as to Defendants.

3   65.     Accordingly, Defendants Unidentified Deputies and Unidentified Officers are

4   liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

5   **FOURTH CLAIM FOR RELIEF**

6   ***Monell* Claim (42 U.S.C. § 1983)**

7   **(Against Defendant COUNTY and CITY)**

8   66.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through

9   65, as though fully set forth herein.

10  67.     Defendant COUNTY and Defendant CITY are and at all times herein

11  mentioned have been public entities incorporated municipality duly authorized and

12  existing as such in and under the laws of the State of California; and at all times herein

13  mentioned, Defendant COUNTY and LASD, and Defendant CITY and LAPD

14  possessed the power and authority to adopt policies and prescribe rules, regulations

15  and practices affecting the operation of the COUNTY and of the LASD,  of the CITY

16  and of the LAPD, and its tactics, methods, practices, customs and usages related to

17  internal investigations, administrative investigations, personnel supervision and

18  records maintenance and the proper application of their powers of arrest by its

19  employees and agents, generally.

20  68.     At all times herein mentioned, Defendants UNIDENTIFIED DEPUTIES, and

21  each of them, were employees of the LASD acting under the COUNTY's direction

22  and control, and Defendants UNIDENTIFIED OFFICERS and each of them, were

23  employees of the LAPD acting under the CITY's direction and control, who

24  knowingly and intentionally promulgated, maintained, applied, enforced and suffered

25  the continuation of policies, customs, practices and usages in violation of the Fourth

26  and Fourteenth Amendments to the United States Constitution, which customs,

27  policies, practices and usages at all times herein mentioned encouraged the

28

employment, deployment and retention of persons as medical personnel and professionals who have a propensity for withholding medical records, providing inadequate medical care, dishonesty, bias, bigotry, and numerous other serious abuses of their duties as medical professionals and agents in the employment of the LASD and COUNTY, and LAPD and the CITY.

69.     Defendant COUNTY and Defendant CITY knowingly maintains and permits official sub-rosa policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute employees and agents who commit acts of withholding medical records, providing inadequate medical care, dishonesty and other crimes under color of law, each ratified and approved by the LASD and Defendant COUNTY, and the LAPD and Defendant CITY.

70.     On and for some time prior to March 23, 2023 (and continuing to the present date) Defendant COUNTY and Defendant CITY, deprived Plaintiff of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COUNTY and CITY custom, policy, and practice of, or ratified, directed, encouraged, and/or allowed the following:

      (a)      Defendant COUNTY and CITY had knowledge, prior to and since this incident, of repeated allegations of the denial of inadequate medical care to detainees and arrestees in the ICHS; specifically, COUNTY and CITY knew Defendants UNIDENTIFIED DEPUTIES, and

UNIDENTIFIED OFFICERS, and each of them, had in the past and since Plaintiff's incident, committed similar acts of failing to ensure the reasonable safety or provide adequate care to individuals in custody, dishonesty and abuse, thereby enabling Defendants to continue to violate the constitutional rights of the Plaintiff in March 2023 and thereafter;

(b)     Defendant COUNTY and Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of the failure to ensure the reasonable safety or provide adequate care to individuals in custody; specifically, COUNTY knew Defendants UNIDENTIFIED DEPUTIES, and CITY knew Defendants UNIDENTIFIED OFFICERS and each of them, had in the past and since Plaintiff's incident, committed similar acts of failing to ensure the reasonable safety or provide adequate care to individuals in custody, dishonesty and abuse, thereby enabling Defendants to continue to violate the constitutional rights of the Plaintiff in March 2023 and thereafter;

(c)     Defendant COUNTY and CITY had knowledge, prior to and since this incident, of similar allegations of the failure to ensure the reasonable safety or provide adequate care to individuals in custody, abuse and dishonesty by Defendants UNIDENTIFIED DEPUTIES and Defendants UNIDENTIFIED OFFICERS, and refused to enforce established administrative procedures to insure the rights of detainees and arrestees are protected;

(d)     Defendant COUNTY and LASD, and Defendant CITY and LAPD, refused to adequately discipline individual employees and personnel found to have committed similar acts of abuse and misconduct;

(e)   Defendant COUNTY and LASD, and Defendant CITY and LAPD, refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by their employees;

(f)   Defendant COUNTY and LASD, and Defendant CITY and LAPD, reprimanded, threatened, intimidated, demoted and fired employees and personnel who courageously reported acts of abuse by other employees and personnel;

(g)   Defendant COUNTY and LASD, and Defendant CITY and LAPD, covered up acts of misconduct and abuse by COUNTY and CITY employees and personnel and sanctioned a code of silence by and among employees, personnel, and management;

(h)   Defendant COUNTY and LASD, and Defendant CITY and LAPD, failed to adequately supervise the actions of medical personnel and professionals under their control and guidance;

(i)   Defendant COUNTY and LASD, and Defendant CITY and LAPD, historically condone and encourage systemic conspiracy of silence among its LASD and LAPD employees for the purpose of concealing and further wrongful and illegal conduct by its employees;

(j)   Defendant COUNTY and LASD, and Defendant CITY and LAPD, fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by March 23, 2023, and thereafter, represented the unconstitutional policies practices and customs of the COUNTY and LASD, and Defendant CITY and LAPD

71.   By reason of the aforementioned policies and practices of Defendant COUNTY and LASD, and Defendant CITY and LAPD, Plaintiff has suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

72.     Defendant COUNTY and the LASD, and Defendant CITY and LAPD, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

73.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant COUNTY and LASD, and Defendant CITY and LAPD, acted with an intentional, reckless, and callous disregard for the well being of Plaintiff and his constitutional as well as human rights.  Defendant COUNTY and LASD, and Defendant CITY and LAPD,  and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

74.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant COUNTY and LASD, and Defendant CITY and LAPD, were affirmatively linked to and were a significantly influential force behind the Plaintiff's injuries.

75.     By reason of the aforesaid policies, customs, practices and usages, Plaintiff's Fourth and Fourteenth Amendments to the United States Constitution were violated. Said customs, policies, practices and usages at all times herein mentioned violated constitutional rights including those of the Plaintiff.

76.     By reason and pursuant to the aforesaid policies, practices, customs, and usages, Plaintiff's aforementioned constitutional rights were deprived and Plaintiff proximately suffered special and general damages in an amount to be proved at trial.

77.    Accordingly, Defendant COUNTY and Defendant CITY are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

**FOURTH CLAIM FOR RELIEF**

**Negligence**

**(Against all Defendants)**

78.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 77, as though fully set forth herein.

79.    By virtue of the foregoing, Defendants, COUNTY OF LOS ANGELES, a public entity; UNIDENTIFIED DEPUTIES, individuals; CITY OF LOS ANGELES, a public entity; and UNIDENTIFIED OFFICERS, individuals, and each of them, owed Plaintiff a duty of due care, and that duty was breached by said Plaintiff negligence and failure to exercise due care in dealing with, failing to protect Plaintiff while in custody, failing to provide safe conditions of confinement for Plaintiff, and failing to meet their statutory obligations with respect to Plaintiff.

80.    Defendants COUNTY and CITY possessed the power and authority to hire and fire employees and based upon information and belief and negligently hired Defendants Unidentified Deputies and Unidentified Officers and each of them, and entrusted them with the following duties: protect detainees and arrestees in custody, provide safe conditions of confinement of detainees and arrestees, protect and provide safe conditions of confinement to individuals with a "KB6" or "protected" status.

81.    By virtue of the foregoing, Defendants COUNTY and CITY owed Decedent a duty of due care, and that duty was breached by said Defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things:

   a)    Failing to adequately train its officers in the custody of citizens;

   b)    Failing to adequately train its officers to protect citizens in custody and to provide safe conditions of confinement for citizens in custody;

c)      Failing to adequately investigate background, training and experience as officers and their propensity for disobedience;

d)      Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration;

e)      Failing to control the conduct of its officers who have a known propensity for disobedience and in failing to discipline its officers;

f)      Failing to investigate in good faith, allegations of abuse and failing to protect citizens in custody by its officers;

g)      Failing to discipline its officers who improperly fail to protect and to provide safe conditions of confinement during custody of citizens;

h)      Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty, and

i)      Failing to provide an adequate protection to Plaintiff.

82.     Defendants Unidentified Deputies and Unidentified Officers are liable to Plaintiff for said negligence pursuant to California Government Code § 820(a), amongst other provisions.

83.     Defendants CITY and COUNTY are liable to Plaintiff for said negligence pursuant to California Government Code §§ 815.2(a), 815.4, 820(a), amongst other provisions.

84.     As a direct and proximate result of the actions of Defendants, as complained of herein, Plaintiff has sustained substantial bodily injuries and substantial non-economic damages of pain and suffering and emotional distress in an amount according to proof at trial.

85.     As a direct and proximate result of the foregoing, Plaintiff has damages as recited above and demands and is entitled to, including, but not limited to, punitive

1   damages (except as to Defendant COUNTY and Defendant CITY for punitive

2   damages), and any other relief allowable at law or in equity.

3   **FIFTH CLAIM FOR RELIEF**

4   **Bane Act Violation (Civil Code § 52.1)**

5   **(Against all Defendants)**

6   86.     Plaintiff re-alleges and incorporates herein by reference each and every

7   allegation and statement contained in paragraphs 1 through 85, as though fully set

8   forth herein.

9   87.     The actions of all Defendants, as complained of herein, interfered with, and/or

10  attempted to interfere with, by use of threats, intimidation, and/or coercion, the

11  exercise or enjoyment by Plaintiff the rights secured to him by the California

12  Constitution and otherwise by California law, in violation of California Civil Code §

13  52.1.  Specifically, Defendants failed to protect Plaintiff while in custody and failed to

14  provide safe conditions of confinement of Plaintiff when said Defendants had a legal

15  obligation to do so.  Defendants violated Plaintiff's freedom, independence, liberty,

16  obtaining safety and happiness, and right to be free from an unreasonable seizure of

17  his person.

18  88.     Defendants Unidentified Deputies and Unidentified Officers are liable to

19  Plaintiff for said violations of Plaintiff's constitutional rights, pursuant to California

20  Civil Code § 52.1, and California Government Code § 820(a), amongst other

21  provisions.

22  89.     Defendants CITY and COUNTY are liable to Plaintiff for said violations of

23  Decedent's constitutional and statutory rights, pursuant to California Civil Code §

24  52.1, and California Government Code §§ 815.2(a), 815.4, 820(a), amongst other

25  provisions.

26  90.     As a direct and proximate result of the actions of Defendants, as complained

27  of herein, Plaintiff has sustained significant bodily injuries and substantial non-

28

1  economic damages of pain and suffering and emotional distress in an amount

2  according to proof at trial.

3  91.    As a direct and proximate result of the foregoing, Plaintiff has damages as

4  recited above and demands and is entitled to, including, but not limited to, punitive

5  damages (except as to Defendant COUNTY and Defendant CITY for punitive

6  damages), treble compensatory damages, attorney's fees, and any other relief

7  allowable at law or in equity.

8  ## SIXTH CLAIM FOR RELIEF

9  **Violation of California's Public Records Act (Cal. Gov't Code §§ 6250, et seq.)**

10  **(Against Defendant COUNTY)**

11  92.    Plaintiff re-alleges and incorporates herein by reference each and every

12  allegation and statement contained in paragraphs 1 through 91, as though fully set

13  forth herein.

14  93.    A California governmental entity has the duty to respond to a CPRA request

15  made by an individual of the public.

16  94.    Plaintiff is a member of the public and is beneficially interested in the

17  outcome of these proceedings; he has a clear, present and substantial right to the relief

18  sought herein. Plaintiff has no plain, speedy and adequate remedy at law other than

19  that sought herein.

20  95.    A member of the public who believes that public records are being improperly

21  withheld may bring suit for mandate to enforce the CPRA. (Gov't Code §§ 6258,

22  6259(a).)  If the Court finds that the public official's decision to refuse disclosure is

23  not justified, it shall order the public official to make the records public. (Id. §

24  6259(b).)

25  96.    Defendant COUNTY's failure to provide a proper response to Plaintiff's

26  CPRA Requests and/or to produce responsive documents and names violates the

27  California Public Records Act, which provides that "[p]ublic records are open to

28

1    inspection at all times during the office hours of the state or local agency and every

2    person has a right to inspect any public record, except as hereafter provided." (Gov't

3    Code § 6253(a).)

4    97.    Defendant COUNTY has a legal obligation to make all public records

5    available for inspection by any member of the public upon request. Defendant

6    COUNTY has not made a valid claim that any of the documents and information

7    sought are exempted from disclosure under proper statutory grounds for withholding

8    documents.

9    98.    Defendant COUNTY has a policy and practice of not complying with the

10   CPRA.

11   99.    As a result of Defendant COUNTY's violation of the CPRA, Plaintiff is

12   entitled to attorneys' fees, costs, and equitable relief from the Court to ensure

13   compliance by Defendant COUNTY with the CPRA.

14                           **PRAYER FOR RELIEF**

15        WHEREFORE, Plaintiff requests entry of judgment in his favor and against

16   Defendants, COUNTY OF LOS ANGELES, UNIDENTIFIED DEPUTIES, CITY OF

17   LOS ANGELES, and UNIDENTIFIED OFFICERS as follows:

18   1.     For general, special, hedonic, and compensatory damages in the amount to be

19   proven at trial;

20   2.     For punitive damages in an amount to be proven at trial (save against COUNTY

21   and CITY);

22   3.     For interest;

23   4.     For costs;

24   5.     For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. §

25   1988;

26   6.     For attorneys' fees pursuant to Civil Code §§ 52, 52.1;

27   7.     Any civil penalties, including treble damages and a minimum of $4,000.00; and,

28

8.      For such further other relief as the Court may deem just, proper, and appropriate.

        AND WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants COUNTY as follows:

1.      For reasonable costs of this suit and attorneys' fees;

2.      For equitable relief to ensure compliance with the CPRA; and,

3.      For such further other relief as the Court may deem just, proper, and appropriate.

Date: October 6, 2023                    **CONLOGUE LAW, LLP**


                                         By: __/s/Christopher P. Orlando_____
                                          Kevin S. Conlogue
                                          Ashley M. Conlogue
                                          Attorneys for Plaintiff
                                          CHRISTOPHER PREVEDELLO

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Date: October 6, 2023          **CONLOGUE LAW, LLP**


By:   /s/Christopher P. Orlando
Kevin S. Conlogue
Ashley M. Conlogue
Attorneys for Plaintiff
CHRISTOPHER PREVEDELLO