UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-08435-CAS (PDx) | Date | January 8, 2024 |
| Title | CHRISTOPHER PREVEDELLO V. COUNTY OF LOS ANGELES ET AL | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Kevin Conlogue

Attorneys Present for Defendants:
Laura Inlow
Surekha Shepherd

**Proceedings:** ZOOM HEARING RE: DEFENDANT'S MOTION TO DISMISS SIXTH CAUSE OF ACTION IN FIRST AMENDED COMPLAINT UNDER FRCP 12(B)(6) (Dkt. 21, filed on DECEMBER 1, 2023)

## I.   INTRODUCTION

On October 6, 2023, plaintiff Christopher Prevedello filed this action against defendants County of Los Angeles (the "County"), unidentified deputies, City of Los Angeles (the "City"), and unidentified officers. Dkt. 1. Plaintiff alleges seven claims for relief: (1) failure to protect under 42 U.S.C. § 1983, as against unidentified deputies and unidentified officers; (2) due process—state created danger under 42 U.S.C. § 1983, as against unidentified deputies and unidentified officers; (3) due process—special relationship under 42 U.S.C. § 1983, as against unidentified deputies and unidentified officers; (4) Monell under 42 U.S.C. § 1983, as against the County and the City; (5) negligence, as against all defendants; (6) Bane Act Violation, Civil Code § 52.1, as against all defendants; and (7) violation of California's Public Records Act (the "CPRA"), Cal. Gov't Code §§ 6250, et seq., as against the County. Id.

On November 6, 2023, defendant the County filed a motion to dismiss the sixth cause of action in the complaint. Dkt. 14. On November 8, 2023, defendant the City filed an answer. Dkt. 15.

On November 20, 2023, plaintiff filed the operative first amended complaint (the "FAC"). Dkt. 17. The FAC names the same defendants and brings the same claims for relief, but it now cites the correct statute for the CPRA, Cal. Gov't Code §§ 7920.000, et seq. Id. at 21. On November 29, 2023, defendant the City filed an answer to the FAC. Dkt. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-CV-08435-CAS (PDx) | Date | January 8, 2024 |
|---|---|---|---|
| Title | CHRISTOPHER PREVEDELLO V. COUNTY OF LOS ANGELES ET AL | | |

On December 1, 2023, defendant the County filed a motion to dismiss the sixth cause of action in the FAC. Dkt. 21. On December 18, 2023, plaintiff filed an opposition to the County's motion to dismiss. Dkt. 22. On December 22, 2023, the County filed a reply in support of its motion. Dkt. 23.

On January 8, 2024, the Court held a hearing on the County's motion to dismiss plaintiff's claim for violation of the CPRA. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Holding Cell at Van Nuys Courthouse

Plaintiff alleges the following facts in the FAC. On January 19, 2023, plaintiff was taken into defendants' custody. FAC ¶ 27. On March 23, 2023, defendants transported plaintiff from the Men's Central Jail in Los Angeles to the Van Nuys Courthouse, where at least two of the individual defendants placed plaintiff in a general population holding cell that defendants knew contained inmates who were members of the "Crips" gang. Id. ¶¶ 28-29. Defendants knew plaintiff had "KB6" "protected" status, "which required that he be separated from the general population of those in [d]efendants' custody in order to protect his safety due to the threat of violence against [p]laintiff on account of his identity, name, perceived current or former group membership(s) or affiliation(s) as KB6 protected status." Id. ¶ 28. As such, defendants knew placing plaintiff in the general population holding cell would be a threat to his wellbeing and safety. Id. ¶ 29.

After plaintiff entered the cell, one inmate asked the other inmates "in a loud, raised voice, why [p]laintiff was put in the tank" and then advised the inmates, including the suspected "Crips" gang members, that "they were supposed to 'handle' [p]laintiff." Id. According to plaintiff, "[a]t least two of the individual [d]efendants heard this inmate's incitement of violence against [p]laintiff, but ignored the violent threat to [p]laintiff's safety and failed to intervene to protect his safety as [a] result of their malice, recklessness, or deliberate indifference towards [p]laintiff's health and well-being." Id. Several inmates proceeded to attack and assault plaintiff. Id. ¶ 30. Plaintiff alleges that at all relevant times, he never posed a threat to anyone and was unarmed. Id. ¶ 31.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-CV-08435-CAS (PDx) | Date | January 8, 2024 |
|---|---|---|---|
| Title | CHRISTOPHER PREVEDELLO V. COUNTY OF LOS ANGELES ET AL | | |

According to plaintiff, unidentified deputies and officers acted or failed to act in a manner that shocks the conscience and with deliberate indifference by ignoring the loud, vocal threats to plaintiff's safety, by consciously disregarding indications that plaintiff was in grave danger from the inmates, and by permitting plaintiff to be placed in the joint cell, "all while knowing of the violent threats to [p]laintiff's life." Id. ¶ 32. As a direct result of defendants' deliberate indifference, malice, and recklessness, plaintiff experienced severe pain and suffering, significant bodily injuries, emotional distress, and mental anguish. Id. ¶ 33. Plaintiff alleges that there is a longstanding practice within the Los Angeles County Sheriff's Department of deliberate indifference to violence against individuals in custody with "KB6" or "protected" status. Id. ¶ 34. He further alleges that defendants' actions and omissions set forth above were a motivating force behind the violations of his constitutional rights. Id. ¶ 35.

    **B.**    **Plaintiff's CPRA Request**

Plaintiff attempted to obtain records from the County before filing this action, but he was "denied records or, at best, provided heavily redacted and incomplete records regarding [the County's] interaction(s) with [p]laintiff in and around the time of his injuries." Id. ¶ 36. When plaintiff made further inquiries about the relevant documents, he was informed that further documents could not or would not be produced. Id. ¶ 37. On April 21, 2023, plaintiff submitted a CPRA request to the County that fully complied with the CPRA and "included proper authorizations for the release of records." Id. ¶ 38. Among other items, plaintiff requested:

> (1) All incident reports concerning the March 23, 2023 incident (including supplemental and narrative reports); (2) All medical records concerning Plaintiff, whether from the Sheriff's Department or a third-party medical provider; (3) Any evidence gathered by medical personnel concerning Plaintiff; (4) Any evidence gathered by any personnel concerning Plaintiff; (5) The booking file for Plaintiff; (6) Any documents concerning Plaintiff's [KB6] protective status, or other protective custody status; (7) Any photographs concerning Plaintiff, taken on or since March 23, 2023; (8) Any videos concerning Plaintiff or the incident, taken on or since March 23, 2023; (9) All witness statements concerning the incident with Plaintiff; (10) The identity (including the name(s) and rank(s) of the individual(s)) of the correctional officer(s) who placed Plaintiff inside the holding cell where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-08435-CAS (PDx) | Date | January 8, 2024 |
| Title | CHRISTOPHER PREVEDELLO V. COUNTY OF LOS ANGELES ET AL | | |

incident took place on March 23, 2023; and, (11) The identity of the correctional officer(s) who were on duty at the jail where Plaintiff was located on March 23, 2023 during the incident.

Id. On or about April 21, 2023, the County provided a response to the CPRA request but "wrongfully failed" to provide any documents regarding the subject incident, plaintiff's KB6 protective status, or other protective custody status. Id. ¶ 39. Plaintiff believes that other culpable individuals are legally responsible for his injuries but alleges he was precluded from properly identifying them because of defendants' failure to comply with the CPRA. Id. ¶ 40.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:23-CV-08435-CAS (PDx) | Date | January 8, 2024 |
|---|---|---|---|
| Title | CHRISTOPHER PREVEDELLO V. COUNTY OF LOS ANGELES ET AL | | |

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

The County seeks to dismiss plaintiff's claim for violation of the CPRA in the FAC. See dkt. 21. First, the County argues that certain public records, such as records pertaining to personnel files and pending litigation, are exempt from disclosure. Id. at 5; see also Gov. Code §§ 7923.600, 7926.200. Second, the County alleges that an individual may petition the superior court for enforcement of the CPRA pursuant to California Government Code § 7923.100. Dkt. 21 at 5. As such, the County argues that plaintiff improperly seeks relief in federal court when his "exclusive remedy under the CPRA is to file a writ of mandate in state court." Dkt. 21 at 5-6.

In opposition, plaintiff asserts that the Court has jurisdiction to hear his claim for violation of the CPRA pursuant to 28 U.S.C. § 1367. Dkt. 22 at 3. Plaintiff argues that the CPRA does not limit jurisdiction to superior courts and that federal district courts have adjudicated CPRA claims without any state court action. Id. at 3-4. According to plaintiff, no privilege applies to his CPRA request, such that the police department must produce its investigative files. Id. at 4. Thus, plaintiff argues that because the County has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:23-CV-08435-CAS (PDx) | Date | January 8, 2024 |
|---|---|---|---|
| Title | CHRISTOPHER PREVEDELLO V. COUNTY OF LOS ANGELES ET AL | | |

improperly withheld requested records pursuant to the CPRA, it must now produce in discovery all of the information related to plaintiff's CPRA request. Id.

In reply, the County asserts that the CPRA was amended as of January 1, 2023, and that the authority cited by plaintiff predates the new statute, which contains different language regarding jurisdiction. Dkt. 23 at 2-3. The County argues that "under the clear language of the new statute, an action to challenge compliance with a record request must be filed in the superior court in the county where the requested records are maintained." Id. at 2-3. As plaintiff may not seek relief for a violation of the CPRA through a federal lawsuit, the County argues that the Court should dismiss plaintiff's claim. Id. at 3.

As an initial matter, the County neither explains how the records requested may fall within an exemption under the CPRA nor responds to plaintiff's contention that the records requested are not privileged. Instead, the County argues that it is improper for plaintiff to pursue his CPRA claim in federal court. Although the County seeks to distinguish the CPRA which became effective on January 1, 2023, from the previous statute, the amended statute itself states:

> Nothing in the CPRA Recodification Act of 2021 is intended to substantively change the law relating to inspection of public records. The act is intended to be entirely nonsubstantive in effect. Every provision of this division and every other provision of this act, including, without limitation, every cross-reference in every provision of the act, shall be interpreted consistent with the nonsubstantive intent of the act.

Cal. Gov't Code § 7920.100. Thus, the Court is not persuaded that there is "new language" in the CPRA that impacts whether it should dismiss plaintiff's claim. For example, while the County argues that California Government Code § 7923.100, as amended, requires a plaintiff to file an action in "the superior court of the county where the records or some part thereof are situated" to enforce the CPRA, the previous statute contained the same language. See Cal. Gov't Code § 7923.100; see also Cal. Gov't Code § 6259. Similarly, like the previous statute, the amended statute states, "[a]ny person may institute a proceeding for injunctive or declarative relief, or for a writ of mandate, *in any court of competent jurisdiction*, to enforce that person's right under this division to inspect or receive a copy of any public record or class of public records." Cal. Gov't Code § 7923.000 (emphasis added). As such, the Court may look to precedent that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　'O'

| Case No. | 2:23-CV-08435-CAS (PDx) | Date | January 8, 2024 |
|---|---|---|---|
| Title | CHRISTOPHER PREVEDELLO V. COUNTY OF LOS ANGELES ET AL | | |

predates the statute's amendment for purposes of determining whether it may hear plaintiff's CPRA claim.

It appears that district courts disagree as to whether federal courts may exercise supplemental jurisdiction over a plaintiff's state law claim for violation of the CPRA. See Johnson v. City of San Jose, 591 F. Supp. 3d 649, 671 (N.D. Cal. 2022) ("The Court notes that there is somewhat of a split of authority over whether federal courts may exercise supplemental jurisdiction over CPRA claims given the language in section 6259, with more courts finding that state courts do not have exclusive jurisdiction."). Some federal courts have found that state courts have exclusive jurisdiction over CPRA claims. See Booth v. Burdick, No. 1:18-CV-00670-LJO-BAM, 2019 WL 188644, at *2 (E.D. Cal. Jan. 14, 2019) (quoting Brooks v. Vallejo City Unified Sch. Dist., No. 2:12-CV-1466-GEB-EFB, 2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013) ("The exclusive remedy for challenges under the CPRA is to file a writ of mandamus in state court and money damages are not an available remedy.")). However, several courts have found that federal courts may properly exercise supplemental jurisdiction over a plaintiff's state law claim for violation of the CPRA. See Calonge v. City of San Jose, 523 F. Supp. 3d 1101, 1107 (N.D. Cal. 2021); see also Goodin v. City of Glendora, 380 F. Supp. 3d 970, 997 n.22 (C.D. Cal. 2019); California Gun Rts. Found. v. Superior Ct. of Los Angeles Cnty., 49 Cal. App. 5th 777, 790 (2020) ("We conclude that section 6259 does not limit jurisdiction over a CPRA dispute to the superior court of the county where the disputed records are located. Instead, jurisdiction over CPRA disputes may be exercised by '*any* court of competent jurisdiction.' (§ 6258, italics added.)").

Here, the Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331. The Court is persuaded by the line of cases finding, that as a "court of competent jurisdiction," it may properly exercise supplemental jurisdiction over plaintiff's CPRA claim, which is sufficiently related to his federal claims. Further, the County has failed to argue why the Court should decline to exercise supplemental jurisdiction. Accordingly, the Court denies the County's motion to dismiss plaintiff's claim for violation of the CPRA.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-08435-CAS (PDx) | Date | January 8, 2024 |
| Title | CHRISTOPHER PREVEDELLO V. COUNTY OF LOS ANGELES ET AL | | |

## V.  CONCLUSION

In accordance with the foregoing, the Court DENIES the County's motion to dismiss plaintiff's claim for violation of the CPRA.  The County is directed to file an answer on or before Friday, January 12, 2024.

IT IS SO ORDERED.

|  |  | 00 | : | 03 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |